UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **DEVAN POOL,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL NO. W-23-CV-00447-ADA |
| | § | |
| **280TH DISTRICT COURT HARRIS COUNTY,** | § | |
| | § | |
| Defendant. | § | |

### ORDER AND REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

**TO:  THE HONORABLE ALAN D ALBRIGHT,**
      **UNITED STATES DISTRICT JUDGE**

This Report and Recommendation is submitted to the Court pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Rules 1(f) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is Plaintiff's Motion to Proceed In Forma Pauperis (ECF No. 2). For the following reasons, the Court **RECOMMENDS** that Plaintiff's Motion to Proceed In Forma Pauperis be **DENIED**.

### I.  DISCUSSION

Plaintiff filed an application for *in forma pauperis* ("IFP") status and lists "N/A" in response to all of the questions on the questionnaire. *See* ECF No. 2. Courts may grant IFP status only if a plaintiff submits an affidavit, including a statement of all their assets, showing the inability to pay the statutory filing fee. *See* 28 U.S.C. § 1915(a). The Court finds that Plaintiff's incomplete application is insufficient to apprise the Court of Plaintiff's financial situation. *See e.g. Kelly v. Intuit*, 323CV00694JAHJLB, 2023 WL 4220768, at *1 (S.D. Cal. June 27, 2023)

("Plaintiff submits an incomplete affidavit in which all fields related to assets and expenses and identifying the city and state of their legal residence are blank. Without a complete affidavit, the Court is unable to determine Plaintiff's ability or inability to pay the statutory filling fee.)" Because Plaintiff fails the foundational step of providing an accurate affidavit as required under the statute, the Court is unable to determine whether Plaintiff even qualifies for IFP status. Accordingly, the Court recommends that Plaintiff's Motion to Proceed IFP be **DENIED** Plaintiff's Motion to Proceed IFP. Plaintiff is given 21 days to refile an IFP application that actually complies with the statute. Otherwise, he is **ORDERED** to pay any filing fees and effect service.

## I.   OBJECTIONS

The parties may wish to file objections to this Report and Recommendation. Parties filing objections must specifically identify those findings or recommendations to which they object. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). Except upon grounds of plain error, failing to object shall further bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas*, 474 U.S. at 150-53; *Douglass*, 79 F.3d at 1415.

SIGNED this 28th day of July, 2023.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE