UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| DEVAN POOL, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL NO. 6:23-CV-00447-ADA-DTG |
| § | |
| 280TH DISTRICT COURT HARRIS § | |
| COUNTY, § | |
| § | |
| Defendant. § | |

**REPORT AND RECOMMENDATION OF
THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE ALAN D ALBRIGHT,
      UNITED STATES DISTRICT JUDGE

This Report and Recommendation is submitted to the Court pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Rules 1(f) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is Plaintiff's Supplement to his Demand for Writ of Habeas Corpus (ECF No. 10). For the foregoing reasons, the Court **RECOMMENDS** that this case be **DISMISSED** without prejudice to refile as a civil rights action.

**I.   BACKGROUND**

This case involves Plaintiff Devon Pool's request for relief from a protective order that was issued by a Texas court and that limits Plaintiff's contact with a woman and her minor child alleged to be Plaintiff's child. ECF No. 1 at 1 (asking for a writ of habeas corpus be issued to the 280th District Court of Harris County); ECF No. 10 at 68. Plaintiff also filed a request to proceed in forma pauperis, but that request was denied because Plaintiff failed to provide a proper

affidavit. Report and Recommendation Denying IFP Application (ECF No. 7); Order Adopting Report and Recommendation (ECF No. 9). Plaintiff then paid the five dollar ($5.00) fee for a petition of habeas corpus and filed a Supplemental Demand for Writ of Habeus Corpus. ECF No. 10. That supplemental demand is directed at an allegedly unlawful protective order issued on June 29, 2021 by the 280th District Court of Harris County Texas and is attached to Plaintiff's supplemental demand. *Id*. at viii (stating that the protective order is attached as Exhibit A-1). The protective order was brought by Plaintiff's former partner[1].

The protective order was issued for a forty-five (45) year period after the Court found that Plaintiff had committed an act of felony offense involving family violence. ECF No. 10 at 69. The Order prohibits Plaintiff from, *inter alia*: communicating with his former partner, her minor child, or girlfriend except through their attorney of record or through the TalkingParents App Secure Co-Parenting tool, from going near their residence, from going near their places of employment, from going near the minor child's school, and from possessing a firearm. ECF No. 10 at 70-73. Plaintiff contends that the protective order violates several of Plaintiff's constitutional rights and requests a declaratory judgment that the protective order is void and an order restoring his parental rights. *Id*. at 61. In sum, Plaintiff asks this Court to vacate the protective order by issuing a writ of habeas corpus. *Id*.

## II.   DISCUSSION

As a threshold matter, this Court lacks jurisdiction over Plaintiff's *habeas* claim because he was never a prisoner and never in custody. That is a fundamental prerequisite for a habeas corpus petition. Federal courts may grant habeas relief under 28 U.S.C. §§ 2241(c)(3), 2254(a),

---

[1] Plaintiff's Motion states the Protective Order was signed on June 29, 2021 (ECF No. 10 at 9), but the Protective Order attached as Exhibit A-1 (ECF No. 10 at 68) states that the hearing was held on June 29, 2021, but the Order was actually signed on July 6, 2021. ECF No. 10 at 76.

or 2255(a) only if the petitioner is "in custody" in violation of the Constitution or laws or treaties of the United States. "The term 'custody' refers to individuals who, as a result of a criminal conviction, are subject to 'substantial restraints not shared by the public generally.'" *Stewart v. Downey*, No. 13-2901 CW, 2013 WL 5423795, at *1 (N.D. Cal. Sept. 27, 2013), aff'd (Mar. 12, 2014) (citing *Lehman v. Lycoming County Children's Services Agency,* 458 U.S. 502, 510 (1982)). There is no evidence that Plaintiff was ever imprisoned. To the contrary, Plaintiff attempts to challenging the legality of a domestic protective order, which is a *civil,* Texas *state* law matter.[2] For that reason alone, Plaintiff's case should be dismissed. "The requirement that an individual be in custody to be afforded habeas relief is jurisdictional." *Williamson v. Gregoire,* 151 F.3d 1180, 1182 (9th Cir.1998) (citing *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (per curiam)). This Court does not have jurisdiction to hear such a case.[3] As such, Plaintiff's complaint should be dismissed.

### III.     RECOMMENDATION

For the reasons explained above, the Court **RECOMMENDS** that the Petition (ECF No. 10) be **DISMISSED without prejudice,** with leave to refile as a non-habeas civil action within 21 days should Plaintiff decide to pay the filing fee and continue with a civil action. Because the

---

[2] Plaintiff's Petition intertwines both Federal and Texas state law claims and caselaw. To the extent Plaintiff is arguing that a writ of *habeas corpus* can be issued for a custody dispute, while that may be possible in a Texas state court (*see* Texas Family Code 157.371), this Court wholly lacks jurisdiction for such an action. Plaintiff can also seek to modify a protective order, but again, he needs to do it in a Texas state court and not here. *See* Tex. Fam. Code § 87.001. (A protective order in Texas can be modified "on the motion of any party…to…exclude any item included in the Order.")

[3] Plaintiff claims that the Court has jurisdiction under Article I §9 Clause 2 ("The Privilege of the Writ of Habeas Corpus shall not be suspended…") and Article III §2 ("The judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution…."), but the caselaw is clear that a Federal Writ of Habeas Corpus applies only to an individual in custody. Accordingly, this Court does not have jurisdiction over this matter.

Court lacks jurisdiction, the Court **DENIES** ECF No. 11, Plaintiff's Demand to Compel Action on the Writ of Habeus Corpus, and **DENIES** ECF No. 12, Plaintiff's Demand for a Hearing.

## IV.   OBJECTIONS

The parties may wish to file objections to this Report and Recommendation. Parties filing objections must specifically identify those findings or recommendations to which they object. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). Except upon grounds of plain error, failing to object shall further bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas*, 474 U.S. at 150-53; *Douglass*, 79 F.3d at 1415.

SIGNED this 12th day of June, 2024.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE